NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAPTA GLOBAL, INC.,<br><br>                        Plaintiff,<br><br>v.<br><br>3 CORE SYSTEMS, INC., and JAYADEV MARADANA,<br><br>                        Defendants | Civ. No. 15-cv-3730 (KM)<br><br>MEMORANDUM OPINION and ORDER |

KEVIN MCNULTY, U.S.D.J.:

Introduction

    The plaintiff, Sapta Global, Inc., brings this diversity action for breach of contract against the defendants, 3 Core Systems, Inc., and Jayadev Maradana, a person employed pursuant to a contract between Sapta and 3 Core. The complaint ("Cplt.", ECF no. 1) alleges that, under the contract, 3 Core placed Maradana at a client of Sapta for the purpose of providing computer services to that client. In connection with that arrangement, 3 Core and Sapta entered into a non-competition agreement "on behalf of" Maradana. (Cplt. ¶¶ 8, 9) 3 Core and Maradana allegedly undermined the relationship between Sapta and its client, resulting in its termination, but Maradana continued to work there under the auspices of 3 Core. (Cplt. ¶¶ 10–12)

    Defendants have moved to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). The parties agree that the standard for dismissal of a complaint under New Jersey state law applies. Although state substantive law governs this diversity action, the Federal Rules of Civil Procedure govern the procedures on a motion to dismiss. *See Hanna v. Plumer*, 380 U.S. 460, 85 S. Ct. 1136 (1965) (holding that where there is a valid and

1

applicable Federal Rule of Civil Procedure it is to be applied by a federal court sitting in diversity); *Ciemniecki v. Parker McCay P.A.*, 2010 WL 2326209, at *4 (D.N.J. June 7, 2010) ("[F]ederal pleading standards – not New Jersey pleading standards – govern the sufficiency of the Complaint.").

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

**Analysis**

Defendants' motion is admirably focused. Essentially, the defendants argue that Sapta is an employment agency (or possibly a temporary help

2

services firm) under state law. As a matter of law, say Defendants, Sapta cannot maintain an action unless it is registered or licensed with the State:

> A person shall not bring or maintain an action in any Court of this State for the collection of a fee, charge or commission for the performance of any activities regulated by this act without alleging and proving licensure or registration as appropriate at the time the alleged cause of action arose.

N.J. Stat. Ann. § 34:8-45(b). Defendants point out that Sapta has not alleged that it is licensed or registered, and they also urge the Court to take notice of the fact (of public record) that Sapta in fact is not licensed or registered. It follows, say Defendants, that the complaint must be dismissed as a matter of law. *See Data Informatics v. AmeriSource,* 768 A.2d 210 (N.J. Super. App. Div. 2001) (upholding summary judgment that plaintiff was an unregistered employment agency, and therefore disqualified from pursuing any claim for compensation, whether couched as fees in contract or damages in tort).

Sapta, in opposition, says that Defendants have skipped a step: that is, they have not shown that Sapta is an employment agency or a temporary help service firm that is required to be registered or licensed. That, says Sapta, is a fact-intensive issue that cannot be resolved on the pleadings. Defendants fault Sapta for failing to plead registration/licensing as an element of their claims, but that argument depends on whether Sapta is the right kind of entity.

> Here is the statutory definition of an employment agency:
>
> An "employment agency" is defined as "any person who, for a fee, charge or commission":
>
> (1) Procures or obtains, or offers, promises or attempts to procure, obtain, or assist in procuring or obtaining employment for a job seeker or employees for an employer; or
>
> (2) Supplies job seekers to employers seeking employees on a part-time or temporary assignment basis who has not filed notification with the Attorney General pursuant to the provisions of [N.J.S.A. 56:8–1.1]; or....
>
> (4) Acts as a placement firm....

3

N.J. Stat. Ann. § 34:8–43(1), (2), (4); N.J.A.C. 13:45B–1.2 (quoted in *Data Informatics, supra).*

> An "employer" is defined as "a person seeking to obtain individuals to perform services, tasks, or labor for which a salary, wage, or other compensation or benefits are to be paid," N.J.S.A. 34:8–43, but, for purposes of the Act, an employment agency is not an "employer," except of its own employment agents, N.J.A.C. 13:45B1.2. A "job seeker" is "any individual seeking employment ... or employment related services or products." N.J.S.A. 34:8–43; N.J.A.C. 13:45B–1.2. Although not defined by the statute, "employee" and "placement firm" must be given their ordinary and well-understood meanings.

*Data Informatics,* 768 A.2d at 218.

A "temporary help services firm" is defined differently, and is subject to different obligations

> A "temporary help service firm" is defined as:
>
> any person who operates a business which consists of [1] employing individuals directly or indirectly for the purpose of assigning the employed individuals to assist the firm's customers in the handling of the customers' temporary, excess or special work loads, and [2] who, in addition to the payment of wages or salaries to the employed individuals, pays federal social security taxes and State and federal unemployment insurance; carries worker's compensation insurance as required by State law; and [3] sustains responsibility for the actions of the employed individuals while they render services to the firm's customers. A temporary help service firm is required to comply with the provisions of ... [the Consumer Fraud Act, N.J.S.A. 56:8–1 to –97].
>
> [N.J.S.A. 34:8–43 (emphasis added). See also N.J.A.C. 13:45B–1.2. ("This definition applies to "temporary help service firm" as the term is used in both N.J.S.A. 34:8–43 et seq. and N.J.S.A. 56:8–1.1.") ]
>
> N.J.S.A. 34:8–46 provides, in pertinent part, that the provisions of the Act "shall not apply to:"
>
> h. Any temporary help service firm which does not:
>
> (1) Charge a fee or liquidated charge to any individual employed by the firm or in connection with employment by the firm;

4

(2) Prevent or inhibit, by contract, any of the individuals it employs from becoming employed by any other person.

[N.J.S.A. 34:8–46h(1), (2).]

*Data Informatics*, 768 A.2d at 219.

Sapta has pled a cause of action on the theory that it is not an entity required to be licensed or registered. Whether that theory is correct or incorrect poses factual issues that are beyond the scope of a motion to dismiss. Whether licensure or registration is required depends on the statutory definitions of an employment agency and a temporary help service firm. And those definitions, in turn, rest on multiple factual issues. Whether Sapta's cause of action asserted by an entity not required to be licensed or registered can be sustained, on summary judgment or at trial, is a separate question, but one that cannot be definitively resolved with reference to the face of the pleadings. I will not exercise my discretion to convert the motion to one for summary judgment, *see* Fed. R. Civ. P. 12(d), which would be premature.

## ORDER

Defendants having filed a motion to dismiss the complaint for failure to state a claim, under Fed. R. Civ. P. 12(b)(6) (ECF no. 7); and the Plaintiff having filed a response (ECF no. 8); and the Defendants having filed a reply (ECF no. 9); and the Court having considered and decided the matter without oral argument, *see* Fed. R. Civ. P. 78; and good cause appearing therefor;

IT IS this 2d day of March, 2016

ORDERED that the Defendants' motion to dismiss the complaint (ECF no. 7) is DENIED.

_____
KEVIN MCNULTY
United States District Judge